UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOAN RELYEA,<br><br>                          Plaintiff,<br><br>v.<br><br>ZIMMER, INC.; ZIMMER HOLDINGS, INC.; ZIMMER TRI-STATE; ZIMMER TRI-STATE d/b/a TRI-STATE ORTHOPEDIC; ZIMMER TRI-STATE d/b/a ZIMMER, INC., ZIMMER ORTHOPAEDIC SURGICAL PRODUCTS, INC.,<br><br>                         Defendants. | Case No. 11-866 (TJM) (DEP)<br><br>Hon. David Peebles |

## ZIMMER'S OPPOSITION TO PLAINTIFF'S EX PARTE MOTION TO STAY PROCEEDINGS PENDING OUTCOME OF MULTIDISTRICT LITIGATION HEARING

### I.    BACKGROUND

The plaintiff, Joan Relyea ("Ms. Relyea"), moved the Court to stay all proceedings in this matter. Specifically, Ms. Relyea notes that a hearing was held before the Judicial Panel On Multidistrict Litigation ("Panel") on July 28, 2011, regarding the consolidation of certain product liability matters in an MDL and incorrectly asserts that it is "very likely that the motion for consolidation and coordination will be granted." [1] *See* Brief In Support Of Plaintiff's Ex Parte Motion To Stay Proceedings Pending Outcome Of Joint Panel On Multidistrict Litigation Hearing ("Motion To Stay"), p. 1 (Docket Entry No. 4). However, and as Zimmer explained in

---

[1] On June 6, 2011, Fred Stone ("Stone"), the plaintiff in *Fred Stone v. Zimmer, Inc., et al.*, filed a motion to create an MDL. The defendants, Zimmer, Inc., Zimmer Holdings, Inc., Orthopaedic Technologies, LLC, d/b/a Zimmer Tri-State (incorrectly named as (1) Zimmer Tri-State, d/b/a Tri-State Orthopaedic, and (2) Zimmer Tri-State, d/b/a Zimmer, Inc.), and Zimmer Orthopaedic Surgical Products, Inc. (collectively, "Zimmer"), responded on June 28, 2011, by filing its Brief Of Zimmer Entities In Opposition To Plaintiff Fred Stone's Motion For Consolidation And Transfer Of Actions To The Northern District Of Illinois Or Another More Appropriate Jurisdiction ("Brief In Opposition"), attached as Exhibit A to the Affidavit of Phoebe A. Wilkinson.

briefing before the Panel, there are good grounds upon which the Panel is likely to deny Stone's request for an MDL – chief among those being the lack of efficiency in consolidating different cases, involving different product types, used to augment different bones, designed by different teams of employees, and resulting in different design, manufacturing, and regulatory documents. *See* Brief In Opposition.

Ms. Relyea's request to stay this matter should be denied.  No MDL has been created and there is no indication to date that one will be created.  The Panel held a hearing on the request for consolidation, and a decision – positive or negative – is unlikely to be rendered for at least 60 days.  Zimmer has fully briefed the issue of consolidation before the Panel, and there is good reason to believe that no MDL will be created because – among other things, the moving plaintiff seeks an MDL centralizing claims regarding ten different types of knee replacement components used to augment different bones, in different environments of use, employing different fixation techniques.  Those ten different products involve different design teams and different documents.  Because any decision on centralization is uncertain and is months away, ***no district court has granted a stay of proceedings in any of the matters designated for potential MDL treatment***, and multiple courts have ***declined*** to enter a stay.  Indeed, ***today*** the United States District Court for the Southern District of Texas, Houston Division, in *Moehler v. Zimmer, Inc., et al.*, Civil Action No. H-10-307, denied a motion to stay initiated by the law firm representing Ms. Relyea for the same reasons that Zimmer opposes a motion to stay here.

For these reasons, and as is detailed more fully below, Ms. Relyea's Motion To Stay should be denied.

## II.     ARGUMENT

"It is well established that federal district courts possess the power to administer their dockets in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases." *Phipps v. New York*, 2007 WL 1231769 at *1 (N.D.N.Y. April 26, 2007) (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)); *see also Rattner v. Pleasantville*, 611 F. Supp. 648, 653 (S.D. N.Y. 1985) ("A court has the inherent power to stay an action based on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'")

The conservation of judicial resources strongly favors denial of a stay in this action. There is no guarantee that the Panel will elect to create an MDL, and a decision on that issue is months away. The Panel heard argument by the parties on the proposed MDL on July 28, 2011. However, given the scope of the proposed MDL – Stone proposes to centralize 40 or more cases pertaining to **ten different types** of knee components – the Panel is unlikely to rule quickly. A decision likely will be entered sometime during the ensuing months. Moreover, as Zimmer explained in its Brief In Opposition, there are valid reasons not to centralize the matters – chief among those being the lack of judicial efficiency created by combining discovery involving ten different products, with different witnesses, and different documents. In similar circumstances, the Panel previously has denied centralization. *See In re Children's Personal Care Products Liab. Lit.*, 655 F. Supp. 2d 1365, 1366 (J.P.M.L. 2009) (denying centralization where lawsuits involved "different baby products with differing formulations"); *accord Ambulatory Pain Pump-Chondrolysis Products Liab. Lit.*, 709 F. Supp. 2d 1375, 1377 (J.P.M.L. 2010) (denying centralization in part because the multiple products at issue "come in different sizes and designs, with differing volume, duration, and flow capacities"); *In re Victoria's Secret*

*Undergarments/Intimate Apparel Products Liab. Lit.*, 626 F. Supp. 2d 1349, 1350 (J.P.M.L. 2009) (denying centralization because the array of products at issue created a likelihood that "discovery will vary among the actions").

Because the creation of an MDL is uncertain and still months down the road, ***no district court faced with a request to stay pending the Panel's decision has agreed to stay the matter***. Indeed, district courts have declined to stay matters pending a decision from the Panel in Stone. *See, e.g., Carr v. Zimmer, Inc., et. al.*, Case No. 1:11-cv-00974, United States District Court For The Northern District Of Illinois; *Cleveland v. Zimmer, Inc., et. al.*, Case No. 1:11-cv-01210, United States District Court For The Northern District Of Illinois; *Effler v. Zimmer, Inc., et. al.*, Case No. 3:11-cv-00351, United States District Court For The Middle District Of Tennessee; *Moehler v. Zimmer, Inc., et al.*, Civil Action No. H-10-307, United States District Court For the Southern District Pf Texas.

Moreover, staying this proceeding will not result in judicial efficiencies in any event. Whether the matter is consolidated in an MDL or not, the parties still will be required to investigate the underlying facts, engage in the collection of medical records, analyze those records, serve and respond to initial discovery, and the like. Only a fraction of this work will be performed in the months prior to the Panel's ruling, and the work product created by both parties during that time can be used in this proceeding or any MDL.

For these reasons, Ms. Relyea's Motion To Stay should be denied.

### III.   CONCLUSION

A stay pending the Panel's decision is not in the interests of judicial economy or efficiency. Whether an MDL will be created in response to Stone's petition is uncertain. Just as the other district courts who have considered a stay in matters designated for centralization have

denied the plaintiffs' requests to stay discovery, so too should this Court deny Ms. Relyea's Motion To Stay.

Respectfully submitted,

/s/Phoebe A. Wilkinson
Phoebe A. Wilkinson, Bar Roll No. 517041
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY  10112
Telephone:  (212) 408-1157
Facsimile:   (646) 710-1157
pwilkinson@chadbourne.com

Attorneys for the defendants, Zimmer, Inc., Zimmer Holdings, Inc., Orthopaedic Technologies, LLC, d/b/a Zimmer Tri-State (incorrectly named as (1) Zimmer Tri-State, d/b/a Tri-State Orthopaedic, and (2) Zimmer Tri-State, d/b/a Zimmer, Inc.), and Zimmer Orthopaedic Surgical Products, Inc.

Of Counsel:

Andrea Roberts Pierson, Atty. No. 18435-49-A
Haroon Anwar, Atty. No. 29135-5310
BAKER & DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
andrea.pierson@bakerd.com
haroon.anwar@bakerd.com

## CERTIFICATE OF SERVICE

      I CERTIFY that on August 5, 2011, I electronically filed Zimmer's Opposition To Plaintiff's Ex Parte Motion To Stay Proceedings Pending Outcome Of Multidistrict Litigation Hearing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to:

      Ari Kresch
      Attorney For Plaintiff
      24100 Southfield Road, #305
      Southfield, MI  48075

      s/ *Phoebe A. Wilkinson*